**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MAURICE GAY, and              :
BERNARD JENKINS,              :
                              :     Civil Action No. 11-6755 (PGS)
          Plaintiffs,         :
                              :
          v.                  :     OPINION
                              :
VISTA,                        :
                              :
          Defendant.          :
```

**APPEARANCES:**

Plaintiffs pro se
Maurice Gay
Bernard Jenkins
Trenton State Prison
P.O. Box 861
Trenton, NJ 08625

**SHERIDAN**, District Judge

Plaintiffs Maurice Gay and Bernard Jenkins, prisoners confined at Trenton State Prison and New Jersey State Prison, respectively, in Trenton, New Jersey, seek to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983.[1]

---

[1] This Court will grant Plaintiff Maurice Gay leave to proceed in forma pauperis.

The Application for leave to proceed in forma pauperis submitted by co-Plaintiff Bernard Jenkins is incomplete. Co-Plaintiff Jenkins used a form supplied by this Court, but his submission is incomplete and unsigned. In addition, co-Plaintiff Jenkins failed to supply the required certified institutional account statement. See 28 U.S.C. § 1915(a). As this Court has previously afforded co-Plaintiff Jenkins an opportunity to cure this deficiency, co-Plaintiff Jenkins's claims will now be

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, or for any other reason under applicable statutes and rules.

## I.   BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Plaintiff Maurice Gay alleges that on October 31, 2011, he ate some cookies manufactured by Defendant VISTA, after which he became ill, suffering a headache and gastrointestinal symptoms. Plaintiff Gay seeks damages in the amount of $45,000.00.

## II.   ANALYSIS

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor. Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp

---

dismissed without prejudice for failure to satisfy the filing fee requirement. See Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009) (where two or more prisoner plaintiffs seek to proceed in forma pauperis, each must submit a complete application demonstrating his entitlement to proceed in forma pauperis).

v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992). Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926). A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power. See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction). As explained more fully below, this Complaint does not meet the requirements either for federal-question jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332.

A.   28 U.S.C. § 1331

Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the

United States." Although Plaintiff Gay asserts that his claims arise under 42 U.S.C. § 1983, thus invoking § 1331 federal-question jurisdiction, the facts pleaded reveal no claim arising under § 1983.

    More specifically, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). The basis of Plaintiff Gay's action, however, is that the defendant manufactured "bad" cookies which made him ill. This does not state a claim for a violation of a right secured by the Constitution or law of the United States.

    In addition, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted).

4

Nevertheless, "the deed of an ostensibly private organization or individual" at times may demand to be treated "as if a State has caused it to be performed." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Id. (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995), cert. denied 516 U.S. 858 (1995) (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State

itself.'"  Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.  See also DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"), cert. denied , 519 U.S. 1111 (1997); Jones v. Arbor, Inc., 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state).  Here, Plaintiff alleges no facts

6

that would permit this Court to find that Defendant VISTA acted under color of state law within the meaning of § 1983 when it manufactured cookies.

Thus, the facts as alleged do not support this Court in exercising jurisdiction over this action under § 1331.

B.  <u>28 U.S.C. § 1332</u>

Although Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332; this Court will consider whether it can exercise jurisdiction under that provision.

Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, <u>i.e.</u>, each plaintiff must be a citizen of a different state from each defendant.  <u>Owen Equipment and Erection Co. v. Kroger</u>, 437 U.S. 365 (1978).

A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 (5th Cir. 1979);

7

see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction").  Here, however, Plaintiff Gay alleges no facts that would permit this Court to determine either his citizenship or the citizenship of the defendant.

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Although Plaintiff has listed an Iowa address for Defendant VISTA, he has failed to allege either that VISTA is incorporated in Iowa, and not in New Jersey, or that it has its principal place of business in Iowa.

Specifically with respect to individuals, in addition,

> For purposes of determining diversity, state citizenship is equated with domicile.  Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another.  Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile.  Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the

inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)).  Plaintiff has alleged no facts regarding his own citizenship.  The fact of incarceration in New Jersey is not sufficient, of itself, to establish citizenship in New Jersey.  For all the foregoing reasons, diversity jurisdiction is lacking.

Moreover, as co-Plaintiff Jenkins's claims have been dismissed, Plaintiff Gay asserts damages in the amount of only $45,000, below the jurisdictional limit for diversity jurisdiction.

The Court is mindful that Plaintiff Gay appears here pro se and therefore the complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

V.   CONCLUSION

For the reasons set forth above, co-Plaintiff Jenkins's claims will be dismissed without prejudice for failure to satisfy the filing fee requirement and Plaintiff Gay's claims will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order follows.

                                        *s/Peter G. Sheridan*
                                        PETER G. SHERIDAN,U.S.D.J.

October 1, 2012